UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

IRENE GRIVAS, :
        Plaintiff, :
         :
    v. :   No. 24-cv-0245
         :
CITY OF LANCASTER, :
        Defendant. :

# O P I N I O N

**Defendant City of Lancaster's Motion to Strike Notice of Removal, ECF No. 17 – Granted in part**
**Defendant City of Lancaster's Motion to Dismiss, ECF No. 23 – Granted in Part**

**Joseph F. Leeson, Jr.**                                                           **June 7, 2024**
**United States District Judge**

## I.    INTRODUCTION

Irene Grivas has filed a complaint seeking injunctive and monetary relief for violations of her constitutional rights arising out of the condemnation of her rental property. That condemnation is the subject of ongoing litigation in the Lancaster County Court of Common Pleas which Irene has also sought to untimely remove to this Court. The *Younger* abstention compels this Court to dismiss the claims for injunctive relief while staying those for monetary damages.

## II.   BACKGROUND

This case came to the Court by way of a Complaint filed January 12, 2024. Compl., ECF No. 1.[1] However, the underlying litigation is much older. Generally, the Complaint seeks to

---

[1]     The Complaint is 19 pages and oscillates between a narrative of the controversy and law Irene contends applies. This contravenes Federal Rule of Civil Procedure 10. *See* Fed. R. Civ.

"escalate this matter in Federal Court due to unfairness and impartiality" of the state court proceedings. *Id*. at 1.  Those state court proceedings began back in September of 2021 when the City of Lancaster filed a nuisance action against Irene Grivas.[2]  *Id*.  Irene's property was/is infested with rodents and plagued by other maintenance violations.  *See* Compl., 9/21/2021, No. CI-21-06503 (C.P. Lancaster).  The nuisance complaint sought an injunction to prevent Irene from renting the property until the violations were cured.  *Id.*

Throughout her Complaint, Irene avers that the City of Lancaster and the Lancaster County Court of Common Pleas have infringed upon her Fourth, Fifth, and Fourteenth Amendment rights.  *See* Compl. at 3-4.  She asks that this Court lift the condemnation, change the venue of the nuisance case, vindicate her constitutional rights, and award monetary relief.  *Id*. at 16-17.

On March 15, 2024, the City of Lancaster filed a Motion to Remand and/or Strike Notice of Removal.  *See* ECF No. 17.  On April 15, 2024, the City of Lancaster filed a Motion to Dismiss.  *See* ECF No. 23.[3]

## III.  LEGAL STANDARDS

### A.  The Law Governing Motions to Remand – Review of Applicable Law

It is well established that the courts of the United States are courts of "limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S. 375, 377 (1994).  The

---

P. 10(b) ("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.")

[2]   That matter is docketed at *City of Lancaster v. Grivas*, No. CI-21-06503 (C.P. Lancaster). The Court takes judicial notice of this public record.  *Sturgeon v. Pharmerica Corp*., 438 F. Supp. 3d 246, 257 (E.D. Pa. 2020) ("publicly available records from other judicial proceedings may be judicially noticed in the context of a motion to dismiss.")

[3]   Complicating matters, on April 1, 2024, Irene appealed an order denying without prejudice a Motion for Default Judgment against the City of Lancaster.  *See* ECF No. 20.  The appeal was denied on June 5, 2024.  *See* ECF No. 30.

original jurisdiction of a federal district court must be based on either diversity of citizenship as set forth in 28 U.S.C. § 1332(a), or federal question jurisdiction as set forth in 28 U.S.C. § 1331. *USAA Fed. Sav. Bank v. Belfi*, No. CV 19-3607, 2020 WL 5763585, at *2 (E.D. Pa. Sept. 28, 2020). "Removal from and remand to state court are governed by 28 U.S.C. §§ 1441, 1446, and 1447." *Bajrami v. Reliance Standard Life Ins. Co.*, 334 F. Supp. 3d 659, 661 (E.D. Pa. 2018). In particular, "Section 1441(a) of Title 28 provides that civil actions filed in a state court in which a federal district court would have original jurisdiction are removable by the defendant." *Belfi*, 2020 WL 5763585, at *2. "The propriety of removal thus depends on whether the case originally could have been filed in federal court." *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997). Pursuant to 28 U.S.C. § 1447(c), "[a]fter removal, a plaintiff may file a motion to remand based on either 'any defect' in removal procedure, or 'lack of subject matter jurisdiction.'" *Bajrami*, 334 F. Supp. 3d at 661-62.

"When assessing a plaintiff's motion to remand, 'removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" *Belfi*, 2020 WL 5763585, at *2 (quoting *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985)); *see Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987). The defendant has the burden of showing that an action has been properly removed. *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 219 (3d Cir. 2005); *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007) ("[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c) (emphasis added).

B.       The *Younger* Abstention Doctrine – Review of Applicable Law

As a general matter, a federal court has an obligation to hear a case properly brought within its jurisdiction. *Borowski v. Kean Univ.*, 68 F.4th 844, 849 (3d Cir. 2023). "*Younger* abstention is an exception to that rule that applies when certain types of state proceedings are ongoing at the time a federal case is commenced." *PDX N., Inc. v. Comm'r New Jersey Dep't of Lab. & Workforce Dev.*, 978 F.3d 871, 882 (3d Cir. 2020). "Abstention serves a dual-purpose in these situations: (1) to promote comity, 'a proper respect for state functions,' by restricting federal courts from interfering with ongoing state judicial proceedings and (2) to restrain equity jurisdiction from operating when state courts provide adequate legal remedies for constitutional claims and there is no risk of irreparable harm." *Id.* (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013)).

The *Younger* abstention extends to only "three classes of cases: (1) state criminal prosecutions, (2) state civil enforcement proceedings, and (3) state civil proceedings involving orders in furtherance of the state courts' judicial function." *ACRA Turf Club, LLC v. Zanzuccki*, 748 F.3d 127, 138 (3d Cir. 2014). In addition, where the underlying matter concerns a state civil enforcement proceeding, the case must satisfy the *Middlesex* conditions in that the state proceeding: "(i) [is] ongoing and judicial in nature; (ii) implicate[s] important state interests; and (iii) afford[s] an adequate opportunity to raise federal claims." *Borowski*, 68 F.4th at 849.

IV.    ANALYSIS

As best the Court can tell[4], Irene is trying to do two things: 1) remove the case docketed at CI-21-06503 in the Lancaster County Court of Common Pleas to this Court; and 2) bring a

---

[4]     Courts have an obligation to construe the filings of pro se litigants liberally. *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009). This extends to the construction of pro se pleadings. *Higgs v. Atty. Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally

4

separate action to remedy constitutional violations occurring in that litigation.  The Court will strike Irene's removal effort because it is patently untimely and will, pursuant to the *Younger* abstention, abstain from the claims for injunctive relief while staying those for monetary damages.

        **A.**      **Motion to Strike the Notice of Removal**

Despite the convoluted posture of this case, it is clear that Irene's removal is flawed in at least three aspects.  The first is that a notice of removal must be filed within 30 days of the defendant's receipt of the initial pleading.  28 U.S.C. § 1446(b)(1).  That time ran out in late 2021 because the initial pleading was served in September of that year.  The second is that Irene did not file a notice of removal on the state court docket until after the City of Lancaster filed the Motion to Remand.  *Id*. § 1446(d).  As a result, nothing has actually been removed to this Court.  The third is that this Court lacks subject matter jurisdiction over the underlying state nuisance claim.  "It is well settled that '[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.'"  *In re Cmty. Bank of N. Virginia*, 418 F.3d 277, 293 (3d Cir. 2005) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).  While Irene's notice of removal appears to invoke diversity and federal question jurisdiction, the underlying state nuisance complaint implicates neither.

Since it appears the matter was never removed, the Court finds it appropriate to strike the notice of removal.[5]

---

construe a pro se litigant's pleadings is well-established."), *as amended*, (Sept. 19, 2011); *see also Mala v. Crown Bay Marina, Inc*., 704 F.3d 239, 244 (3d Cir. 2013).

[5]     The City of Lancaster also seeks attorney fees related to the removal action pursuant to 28 U.S.C. § 1447(c) which affords the Court discretion to award attorney fees in an order remanding an improperly removed case.  *See Martin v. Franklin Cap. Corp.*, 546 U.S. 132 (2005).  Here, the Court will exercise its discretion and decline to award attorney fees.

**B.      Motion to Dismiss Irene's Federal Complaint**

Irene brings this action to "seek[] redress for a series of egregious violations of fundamental constitutional rights and procedural injustices." Compl. at 1. More particularly, Irene alleges that the condemnation of her property violated her Due Process rights, the searches incident to that condemnation violated her Fourth Amendment rights, and that the City's course of action violates her Equal Protection rights. These allegations, when liberally construed, have the hallmark of a 42 U.S.C. § 1983 claim.[6]

1.      Applicability of the *Younger* Abstention Doctrine

Notwithstanding, the Court finds that the *Younger* abstention doctrine applies to this case. First, the underlying nuisance action fits into the second class of *Younger* abstention cases: civil enforcement actions. *See Huffman v. Pursue, Ltd.*, 420 U.S. 592 (1975) (recognizing that a state nuisance action may fall under the *Younger* abstention.) Next, the Court finds that the instant matter satisfies the *Middlesex* factors. At the outset, both parties agree that there is a pending state court proceeding in Case No. CI-21-06503 of the Lancaster County Court of Common Pleas. That is the case Irene seemingly attempts to remove or "escalate" in her notice of removal. *See* Compl. at 1. It is also referenced as the underlying "legal saga between Irene Grivas and the City of Lancaster." *Id*. at 5. Next, the Court finds that the nuisance action

---

[6]     42 U.S.C. § 1983 is the vehicle by which federal constitutional claims may be brought in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A plaintiff seeking to hold a municipality liable under section 1983 must demonstrate that the violation of rights was caused by the municipality's policy or custom." *Thomas v. Cumberland Cty.*, 749 F.3d 217, 222 (3d Cir. 2014) (citing *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 691 (1978)). The policy or custom must be unconstitutional itself or be "the 'moving force' behind the plaintiff's deprivation of federal rights." *Bd. of the Cty. Comm'rs v. Brown*, 520 U.S. 397, 400 (1997); *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1027 (3d Cir. 1991).

implicates an important state interest.  *See Herrera v. City of Palmdale*, 918 F.3d 1037, 1045 (9th Cir. 2019) (finding a nuisance action implicates an important state interest.); *see also Rufo v. Fox*, No. CV 21-2861, 2021 WL 5399912 at *5 (E.D. Pa. Nov. 18, 2021) (finding that a conservatorship action designed to reform buildings which fall below "applicable municipal codes or standards for public welfare or safety" implicates an important state interest.)

Finally, the state court action provides an adequate opportunity to raise federal challenges.  The Court first notes that "the burden on this point rests on the federal plaintiff to show 'that state procedural law barred presentation of [its] claims.'" *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14 (1987) (quoting *Moore v. Sims*, 442 U.S. 415, 432 (1979)).  Irene has offered nothing to this effect.  Second, Irene has indeed pursued that avenue by way of her counterclaims for malicious prosecution, bias, and discrimination.  She merely disagrees with the decisions.  Since the Lancaster County Court of Common Pleas "is a court of general jurisdiction, which is fully capable of hearing all state and federal constitutional claims," the Court finds the third *Middlesex* factor satisfied.  *See Schwarz v. Twp. of Honey Brook*, 174 F. Supp. 2d 247, 251 (E.D. Pa. 2001).

        2.        Disposition Under the *Younger* Abstention Doctrine

Where *Younger* applies, the Court must determine whether to dismiss or stay the case.  Resolution of that question turns on the nature of the relief sought.  *Borowski,* 68 F.4th at 850.  If the claim is for injunctive or declaratory relief, the federal court must dismiss the case.  *Id*.  "Alternatively, if the federal lawsuit seeks only damages, then a federal court cannot dismiss the suit but may, in the exercise of its discretion, stay the case for the pendency of the state proceedings." *Id*.  Finally, "if a suit with a claim for damages also seeks injunctive or declaratory relief, a federal court has discretion not only to stay the damages claim but also to

dismiss any claims for injunctive and declaratory relief outright or to stay them, potentially alongside the stayed claim for damages." *Id*.

Irene seeks both injunctive relief and monetary damages. Having considered the above noted framework, the Court finds it appropriate to dismiss the injunctive claims while staying those seeking monetary damages.[7]

## V.     CONCLUSION

Since the Notice or Removal is patently untimely, the Court will strike the pleading. Further, because the underlying matter concerns an ongoing state proceeding, the Court will abstain from hearing the claims for injunctive relief while staying those for monetary damages pursuant to the *Younger* abstention doctrine.

A separate Order follows.


BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[7] The Court notes that the City of Lancaster has challenged the merits of Irene's claims in its Motion to Dismiss. In other cases facing a similar application of *Younger*, Courts have dismissed the claims for injunctive relief and then gone on to address the merits of the claims for money damages. *See e.g. Dormevil v. Domestic Rels. Off. Delaware Cnty. Pennsylvania Child Support Agency,* No. CV 23-3025, 2023 WL 6144845 (E.D. Pa. Sept. 20, 2023) (dismissing claims for injunctive and declaratory relief under *Younger* before analyzing the merits of the plaintiff's money damages claims.) The Court will decline to do so in the instant matter while expressing no opinion on the merits of the remaining claims.